11-3673-cv
*Bell v. Constr. & Gen. Bldg. Laborers' Local 79*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen.

PRESENT:

      JOSÉ A. CABRANES,
      RICHARD C. WESLEY,
      DEBRA ANN LIVINGSTON,
             *Circuit Judges.*

─────────────────────────────────────

CECIL BELL,

      *Plaintiff-Appellant,*

         v.                                No. 11-3673-cv

CONSTRUCTION AND GENERAL BUILDING LABORERS'
LOCAL 79, FRANK NOVIELLO,

      *Defendants-Appellees.*

─────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**      NATHANIEL B. SMITH, Law Office of Nathaniel B. Smith, New York, NY.

**FOR DEFENDANTS-APPELLEES:**      TAMIR W. ROSENBLUM (Joseph Vitale, Cohen Weiss and Simon LLP, New York, NY, *on the brief*), Mason Tenders District Council of Greater New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 26, 2011 Memorandum Opinion and Order of the District Court denying plaintiff's motion for a new trial is **AFFIRMED**.

Plaintiff Cecil Bell brought this action against Construction and General Building Laborers' Local 79 ("Local 79") and Frank Noviello, Local 79's then-president, alleging that defendants retaliated against him for filing complaints of racial discrimination against Local 79 with the National Labor Relations Board and the Equal Employment Opportunity Commission.

The action was tried before a jury, and after a three-day trial, the jury returned a verdict in favor of Local 79 and Noviello on January 20, 2011. The District Court entered judgment dismissing the complaint on February 7, 2011. On March 10, 2011, Bell filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on the ground that, during the trial, the District Court excluded a recording and transcript of a taped conversation between Bell and Jack Klein, a vice president of Silverstein Development Corporation. The District Court denied Bell's motion on August 26, 2011, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

After careful review, we find it unnecessary to determine whether the District Court erred by excluding the recording of the Bell-Klein phone conversation because any such error was completely harmless. *See United States v. Garcia*, 413 F.3d 201, 217 (2d Cir. 2005) (evidentiary ruling was harmless where it "had no substantial and injurious effect or influence on the jury verdict") (internal quotation marks omitted). Indeed, virtually every relevant statement in the phone conversation was presented to the jury—almost *verbatim*—during Klein's redirect-examination. A simple comparison of the Bell-Klein phone call transcript and Klein's testimony at trial reveals this fact and is fatal to Bell's argument. In the relevant portion of the recording, Klein states:

> I went to your president, the president of your union and asked him to put you on your job, on, on my job. And he says, 'Look Jack, I'm not a real big fan of this guy; he's got issues.' I don't know what that means, right? He said, 'but he's got issues with the union.' And I don't know what that means, but I went to the president of your union and I'm tellin' ya, under normal circumstances Frankie [Noviello] would have done whatever I asked him to do.

JA 112. And Klein's redirect-examination by Bell's counsel proceeded as follows:

2

Q: My question to you, sir, is did you tell Mr. Bell during a conversation that you had with him that you went to the president of Mr. Bell's union and asked the president of Mr. Bell's union to put him on a job and Mr. Noviello told you, look, Jack, I'm not a real big fan of this guy. He's got issues. Did you tell that to Mr. Bell?

A: I did tell that to Mr. Bell.

Q: Did you also tell Mr. Bell during that conversation that you didn't know what that meant about issues?

A: Yes, I did.

Q: And did you tell Mr. Bell that you went to the president of his union and that under normal circumstances, Frankie Noviello would have done what you asked for?

. . . .

A: Yes, I did.

*Id.*

## CONCLUSION

We have considered all of Bell's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the District Court's August 26, 2011 Memorandum Opinion and Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3